UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-21301-CIV-MORENO**

ACP PEACHTREE CENTER, LLC,

      Plaintiff,

vs.

GREAT NORTHERN INSURANCE CO.,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Defendant's Motion for Reconsideration of Order Denying Defendant's Motion for Summary Judgment **(D.E. 44)**, filed on **November 23, 2020**. In its motion for reconsideration, the Defendant argues that, when addressing § 627.426(2)(b) of the Florida Claims Administration Statute in the order denying the Defendant's motion for summary judgment, "the Court made no reference to the substantial compliance standard, and also made no reference to the critical evidence as to [the Defendant's] position on the defense of the Ruede suit." (D.E. 44, at 3). According to the Defendant, the "contemporaneous phone records or the cover email that accompanied that [June 26, 2019] letter" satisfy § 627.426(2)(b)'s requirement. *Id.* The Court shall address each of the Defendant's arguments.

As a preliminary matter, the Court notes that in its briefing of its motion for summary judgment the Defendant did not make an argument that it substantially complied with the requirements of § 627.426(2)(b). As relevant here, § 627.426(2)(b) reads as follows:

> (b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:

> 1. Gives written notice to the named insured by United States postal proof of mailing, registered or certified mail, or other mailing using the Intelligent Mail barcode or other similar tracking method used or approved by the United States Postal Service of its refusal to defend the insured[.]

§ 627.426(2)(b). In its motion for summary judgment, the Defendant stated, in pertinent part:

> [The Plaintiff] may argue that [the Defendant] did not properly preserve its late notice defense in accordance with Fla. Stat. § 627.426(2)(a), because its formal reservation of rights letter was not mailed to [the Plaintiff] until more than 30 days after receiving notice of the default judgment. But as the district court recognized in the *Gemini II* case, 'strict compliance with Section 627.426 is required only where actual notice to the insured of the insurer's position has occurred on an untimely basis.' *Gemini II Ltd. v. Mesa Underwriters Specialty Ins. Co.*, No. 12-61711-CIV, 2014 WL 12478003, at *3 (S.D. Fla. Mar. 28, 2014), aff'd 592 Fed. Appx. 803 (11th Cir. 2014). Here, [the Plaintiff] was placed on notice within one week of reporting the matter to Great Northern that '[a]s [Great Northern] was not made aware of this matter until well after the entry of default, we may have been prejudiced in our ability to defend you in this matter.'

(D.E. 24, at 12 n.2) (internal citation omitted). Notably, the district court in *Gemini II* addressed substantial compliance with § 627.426(2)(a), not § 627.426(2)(b). *Gemini II Ltd.,* 2014 WL 12478003, at *3.

Similarly, in its reply, the Defendant's arguments as to substantial compliance pertain to § 627.426(2)(a) and whether an "insured is on actual notice of a potential coverage defense." (D.E. 34, at 3-5). *See Pepper's Steel & Alloys, Inc. v. U.S. Fid. & Guar. Co.*, 668 F. Supp. 1541, 1544 (S.D. Fla. 1987) (finding that strict compliance with Florida Claims Administration Statute was not required where the insureds "concede[d] actual notice within the meaning of the statute" even though certain insurers did not comply with the "technical 'niceties'" of the statute); *Phoenix Ins. Co. v. McCormick*, 542 So. 2d 1030, 1031-32 (Fla. 2d DCA 1989) (holding that the Florida Claims Administration Statute does not require "actual notice be provided exclusively by the described methods" and reversing trial court's ruling that insurer was estopped from denying coverage to insureds because the notice "was not sent by registered or certified mail"). When specifically

discussing § 627.426(2)(b) in its reply, the Defendant did not make a substantial compliance argument. Rather, the Defendant only stated that the "June 26, 2019 letter [] provide[d] clear notice to [the Plaintiff] that [the Defendant] was *not* participating in [the Plaintiff's] efforts to have the default set aside" and "as of June 26, 2019, it is undisputed that [the Plaintiff] had written notice of [the Defendant's] position that the default relieved it of any defense obligation until such time as the default was set aside." (D.E. 34, at 4-5) (emphasis in original). In passing, the Defendant also references that it also advised the Plaintiff "the same day that if [the Plaintiff] were able to get the default set aside, [the Defendant] would assume [the Plaintiff's] defense." *Id.* The Defendant cites to its claim handler's phone call notes, (D.E. 29-7, at 2), but includes no argument as to why the Court should consider the notes as evidence of substantial compliance with § 627.426(2)(b) and its requirement that an insurer provide *written* notice of its refusal to defend to the insured. In fact, the Defendant concluded its argument as to § 627.426(2)(b) by stating as follows: "In any event, as of June 26, 2019, it is undisputed that [the Plaintiff] had *written* notice of [the Defendant's] position that the default relieved it of any defense obligation until such time as the default was set aside." (D.E. 34, at 5) (emphasis added).

Nevertheless, the Court finds the arguments raised in the Defendant's motion for reconsideration to be unavailing. The Defendant did not substantially comply with § 627.426(2)(b) as it never gave the Plaintiff written notice of its refusal to defend. As noted in the Court's Order Denying the Defendant's Motion for Summary Judgment:

> In the June 26, 2019 letter, the Defendant stated that it "has identified coverage issues which may limit or preclude coverage for the claim under the above cited policy" and that it "reserves all rights to proceed to complete an evaluation of coverage in order to provide you with our formal position in response to this claim." (D.E. 29-6, at 3). Nowhere in the letter did the Defendant state its refusal to defend the Plaintiff insured. Rather, the letter is riddled with statements to the contrary, such as the Defendant stating that it "reserves all rights to proceed to complete an

>   evaluation of coverage *in order to provide you with our formal position in response to this claim.*" (D.E. 29-6, at 3) (emphasis added).

(D.E. 40, at 18). Like the June 26, 2019 letter, the email from the same day from the Defendant to the Plaintiff did not include any information regarding the Defendant's refusal to defend. In the email, the Defendant stated, in relevant part:

>   Following our conversation of the other day, attached is a copy of our reservation of rights which was sent to Lorri Dunne today.
>
>   We understand you have a hearing on motion to set aside the default against you 07/25/19. Please advise us of the outcome of this hearing. **We will be further addressing our coverage position pending the outcome of this hearing.**

(D.E. 29-6, at 2) (emphasis added). Thus, not only do the Defendant's written notices fail to include a statement regarding its refusal to defend as required by § 627.426(2)(b), both the letter and email state that its coverage position would be forthcoming. As this Court has previously found before, an insurer fails to comply with § 627.426(2)(b) when it fails to "discuss whether it would defend [the insured]" in its written notices to the insured. *Shopping Ctr. Mgmt. v. Arch Specialty Ins. Co.*, No. 09-21426-CIV, 2010 WL 1302967, at *6 (S.D. Fla. Mar. 31, 2010).[1]

The Court declines to find that the Defendant substantially complied with § 627.426(2)(b) based on its claim representative's call notes.[2] In *Pepper's Steel,* the district court found that, although the defendant insurers did not comply with the "technical 'niceties'" of § 627.426(2), the defendants complied with the statute when the plaintiff insureds "concede[d] actual notice within the meaning of the statute" and the plaintiffs' counsel "conceded that they were on actual notice of the [d]efendant's position regarding any defense by virtue of their conduct in the pending state

---

[1] To the extent that the Defendant relies on its claim handler's May 2, 2019 email to the Plaintiff (D.E. 24-18, at 29-30), which recommended that the Plaintiff retain counsel to respond to the default and make all attempts to set aside the default, the Court finds that this email fails to provide notice of the Defendant's refusal to defend.

[2] (D.E. 42, at 6, 33).

4

court litigation involving similar issues, and had no reason to believe that the [d]efendants would do otherwise in this federal action." 668 F. Supp. at 1544.[3] Based on the subsequent decision by the Second District Court of Appeal in *Phoenix Ins. Co. v McCormick,* this Court construes these cases as standing for the proposition that strict compliance with the Florida Claims Administration Statute's "technical niceties" or the prescribed methods of delivery, e.g., notice by certified or registered mail, are not required where the recipient receives actual written notice of the insurer's refusal to defend. *See McCormick*, 542 So. 2d at 1030-31 (reversing grant of summary judgment against insurer because insureds and their attorney had "actual *written* notice of the denial of coverage by [the insurer] and the reasons for that denial within thirty days of the insurer's receipt of the claim") (emphasis added). Accordingly, based on the authorities cited and arguments made here, this Court declines to consider a phone record memorializing an oral communication where the Defendant advised the Plaintiff it would only defend the Plaintiff if the default was set aside, as § 627.426(2)(b) requires written notice of an insurer's refusal to defend.

Accordingly, for the foregoing reasons, it is

**ADJUDGED** that the Defendant's motion for reconsideration is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th of January 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[3] Notably, as to § 627.426(2)(b), the Plaintiff here does not concede that it was on actual notice of the Defendant's refusal to defend. On the contrary, in its response to the Defendant's motion for summary judgment (D.E. 28, at 11-12), the Plaintiff cited record evidence that it was not on notice of the Defendant's refusal to defend. For example, according to the Plaintiff's defense counsel in the Ruede proceedings, the Defendant left a voicemail for him, stating the Defendant would be picking up the legal fees and asking to discuss the case (D.E. 29-8, at 27:14-22) (page 26 of deposition).

Copies furnished to:

Counsel of Record